UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ABUYUSUF A. el-AMIR, a/k/a | ) | |
| JOSEPH HAMPTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-01343 |
| | ) | Judge Trauger |
| MERCURY COURT APARTMENTS, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

The plaintiff, Abuyusuf el-Amir, is an inmate at the Hill Detention Center in Nashville. He has filed *pro se* a complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an application (Doc. No. 2) to proceed in forma pauperis.

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against the Mercury Court Apartments in Nashville; Urban Housing Solutions; John Doe #1, Manager of the Mercury Court Apartments; and John Doe #2, Assistant Manager of the Mercury Court Apartments; seeking damages.

In May, 2016, the plaintiff was living in the Mercury Court Apartments. Doc. No. 1 at 7. He requested that John Doe #2 have his apartment treated for an insect infestation. *Id.* After a few weeks, plaintiff was told that the apartment would be treated. In preparation for the treatment, he was instructed to bag all his property and take it to the laundry room for cleaning. *Id.*

During the cleaning process, the plaintiff left his property "unguarded" in the laundry room. *Id.* at 8. When the plaintiff returned to the premises three or four hours later, he discovered that his property had been moved from the laundry room and dumped in the apartment parking lot by Mercury Court employees. *Id.* Some of plaintiff's property was missing and his apartment had not been treated for pests. *Id.*

The plaintiff reported his loss to the police but the missing property was never found. *Id.* The plaintiff submitted several more requests to have his apartment treated for pests "to no avail." *Id.* at 9. The plaintiff then decided to withhold a month's rent so that he could purchase the chemicals

needed to treat the apartment himself. *Id.* at 9-10. This led to the plaintiff being summoned to court where the parties agreed that the plaintiff would pay his arrearage and the defendants would treat his apartment for pests. *Id.* at 10.

When the plaintiff returned home on September 29, 2017, he found that the lock had been changed on his apartment and his possessions were strewn across the apartment parking lot. *Id.* at 11. The plaintiff's apartment had never been treated for pests. The defendants called the police and the plaintiff was informed that he had been evicted from the premises. *Id.* The plaintiff claims that he was illegally evicted and that the defendants are liable for the loss of his personal property.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

There is nothing in the complaint from which the Court could find that the defendants were acting under color of state law when he was evicted and his property was lost. As a consequence, he has failed to state a claim upon which § 1983 relief can be granted. This action, therefore, is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601,

609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[1]

The Clerk is directed to send a copy of this order to the Warden of the Hill Detention Center to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

ENTER this 24th day of October 2017.

_____
Aleta A. Trauger
United States District Judge

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.